918 F.2d 955
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Charles Eugene CANIPE, Plaintiff-Appellant,
v.
Nancy Wheeler CANIPE, Defendant-Appellee.
 No. 89-1506.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 3, 1990.
Decided Nov. 21, 1990.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Shelby. Woodrow Wilson Jones, Senior District Judge. (CA-88-245-SH-C)
 William E. Lamb, Jr., Lamb Law Offices, P.A., Shelby, N.C., for appellant.
 Raboteau T. Wilder, Jr., Mullen, Holland, Cooper, Morrow, Wilder & Summer, P.A., Gastonia, N.C., (argued) for appellee; J. Reid McGraw, Jr., Mullen, Holland, Cooper, Morrow, Wilder & Summer, P.A., Gastonia, N.C., on brief.
 W.D.N.C.
 AFFIRMED.
 Before DONALD RUSSELL and K.K. HALL, Circuit Judges, and WILSON, United States District Judge for the Western District of Virginia, Sitting by Designation.
 PER CURIAM:
 
 
 1
 The father in a long-running child custody dispute which involves conflicting custody orders from different states brought a declaratory judgment action in federal district court in hopes of obtaining a resolution. The district court dismissed the action for lack of subject matter jurisdiction. We affirm.
 
 
 2
 Charles Eugene Canipe ("Husband") and Nancy Wheeler (Canipe) ("Wife") have been embroiled in a six-year child custody dispute. Married in Florida in 1978, they subsequently moved to North Carolina, where Wife gave birth to two children, both girls. In 1984, Wife instituted an action in North Carolina state court seeking alimony, divorce from bed and board, child custody, and support. In this action, the court granted her custody of the children but also gave Husband liberal visitation rights. Shortly after this first action, Wife, with the two children, returned to Florida, while Husband remained in North Carolina.
 
 
 3
 In 1985, the parties became officially divorced. Thereafter, Wife brought an action in Florida state court and received sole custody of the children; the Florida court also severely limited Husband's visitation rights. In 1988, a North Carolina state court ruled that that state had never relinquished its jurisdiction over this matter, and it, in turn, issued an order granting Husband custody of the children.
 
 
 4
 After the conflicting Florida and North Carolina orders were handed down, Wife instituted a civil action in the United States District Court for the Southern District of Florida under the Parental Kidnapping Prevention Act (PKPA), 28 U.S.C. Sec. 1738A, seeking enforcement of her Florida judgment and a stay of the North Carolina judgment. Upon Husband's motion, though, this action was dismissed for failure to state a claim. The federal court in Florida based its decision on a recent United States Supreme Court case, Thompson v. Thompson, 484 U.S. 174 (1988), which held that the PKPA does not provide a private right of action in federal court to determine the validity of two conflicting custody decrees.
 
 
 5
 Upon prevailing in the federal action in Florida, Husband instituted this action in the United States District Court for the Western District of North Carolina, seeking, under the PKPA and the Declaratory Judgment Act (28 U.S.C. Sec. 2201), an order declaring the North Carolina judgment valid and entitled to full faith and credit in Florida. The district court, under the dictates of the Thompson case, dismissed Husband's action for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. Husband appeals this dismissal.
 
 
 6
 In Thompson v. Thompson, the United States Supreme Court held that the Parental Kidnapping Prevention Act does not provide an implied cause of action in federal court to determine which of two state custody determinations is valid; the Court found that the context, purpose, heading, structure, and history of the PKPA indicate that Congress intended the Act only to furnish a rule of decision for courts to use in adjudicating custody disputes, not to create an entirely new cause of action:
 
 
 7
 In sum, the context, language, and history of the PKPA together make out a conclusive case against inferring a cause of action in federal court to determine which of two conflicting state custody decrees is valid.... [W]e "will not engraft a remedy on a statute, no matter how salutary, the Congress did not intend to provide."
 
 
 8
 484 U.S. at 187 (citation omitted).
 
 
 9
 Husband asks the court to find that Thompson applies only where what is being sought is injunctive or coercive relief, not declaratory relief. Yet this is not persuasive, for it would turn the Thompson decision on its head and make it a nullity. Also, the action in Thompson was one for declaratory and injunctive relief under the PKPA, thus making the decision directly on point with this case.
 
 
 10
 Husband also proposes several other subject matter jurisdictional bases through which a federal court could exercise jurisdiction over this case; however, we find none of them valid. First, there must be an independent basis for jurisdiction before declaratory relief may be sought under the Declaratory Judgment Act. Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667 (1950); Paxman v. Campbell, 612 F.2d 848, 852 n. 1 (4th Cir.1980). Likewise, the Full Faith and Credit Clause of the United States Constitution and its statutory counterparts do not give rise to implied federal causes of action. Minnesota v. Northern Securities Co., 194 U.S. 48, 72 (1904); Thompson, 484 U.S. at 182. Finally, custody disputes have traditionally fallen under the domestic relations exception to diversity jurisdiction. In re Burris, 136 U.S. 586 (1890).
 
 
 11
 If after exhausting all state court remedies there exists a truly intractable jurisdictional deadlock, a party may receive an ultimate review of the issue in the United States Supreme Court through a writ of certiorari. Thompson, 484 U.S. at 187. Otherwise, federal courts do not have the necessary jurisdiction to hear such cases. Accordingly, the district court's dismissal of this action for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted is
 
 
 12
 AFFIRMED.